IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH OSBORN and TERRY OSBORN, §§§§<br><br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>HOUSTON INDEPENDENT SCHOOL DISTRICT; F. MIKE MILES, Superintendent, in his official and individual capacities; MICHAEL NIGGLI, Principal, Bellaire High School, in his official and individual capacities; and SARAH RAY, Counselor, Bellaire High School, in her official and individual capacities, §§§§§§§§§§§§§<br><br>*Defendants.* § | Civil Action No. 4:25-cv-02918<br>Hon. Keith P. Ellison |

**AGREED FINAL ORDER**

The parties have come before the Court to advise it that they have resolved all the matters in controversy pursuant to the appended settlement and release agreement.

Based on this agreement of the parties, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE** and Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss Plaintiffs' Verified Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) are **MOOT**.

**IT IS SO ORDERED.**

1

2

**SIGNED** on _____, 2025, at Houston, Texas.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

*/s/* Vincent A. Wagner   　　　　　　　*/s/* Paul. A. Lamp (*with permission*)
Vincent M. Wagner   　　　　　　　　　Paul A. Lamp
*Attorney for Plaintiffs*   　　　　　　　*Attorney for Defendants*

2

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and between Sarah and Terry Osborn ("the Osborns"), the Houston Independent School District ("HISD" or "the District"), F. Mike Miles, Michael Niggli, and Sarah Ray. The Osborns and HISD are collectively referred to herein as "the Parties."

# RECITALS

**WHEREAS**, the Osborns' daughter is a student who attends HISD's Bellaire High School ("BHS");

**WHEREAS**, the Osborns filed a lawsuit on June 23, 2025, against HISD and HISD employees F. Mike Miles, Michael Niggli, and Sarah Ray, which is currently pending and styled, *Sarah Osborn and Terry Osborn v. Houston Independent School District, et al.*, Civil Action No. 4:25-cv-02918, in the United States District Court for the Southern District of Texas, Houston Division, in which they assert that their rights under the First Amendment and the Fourteenth Amendment have been and currently are being violated by HISD employees' use of a masculine name and male pronouns in reference to their daughter ("the Lawsuit");

**WHEREAS**, HISD, F. Mike Miles, Michael Niggli, and Sarah Ray deny that the Osborns have suffered a violation of their rights under the First Amendment, the Fourth Amendment, or any other law, and further deny referring to the Osborns' daughter by any masculine name or male pronouns;

**WHEREAS**, the Osborns filed a Motion for a Preliminary Injunction in the Lawsuit seeking an injunction prohibiting HISD, F. Mike Miles, Michael Niggli, Sarah Ray, their employees, and others acting on their behalf from using a masculine name and male pronouns in reference to their daughter;

**WHEREAS**, HISD, F. Mike Miles, Michael Niggli, and Sarah Ray filed a Motion to Dismiss seeking the dismissal of the Osborns' claims in the Lawsuit;

**WHEREAS**, both motions remain pending;

**WHEREAS**, the Parties desire to fully and finally settle and compromise all claims, matters, disputes, and causes of action between and among them, which arise out of the events alleged in the Lawsuit, and to enter into certain promises and agreements between them without admission of liability or fault by any of the Parties; and

**WHEREAS**, the Parties desire to avoid the cost, uncertainty, and inconvenience of continued litigation, and to buy peace, and therefore, the Parties have agreed to settle any and all claims the Osborns have arising out of the events set forth in the Lawsuit pursuant

to the terms of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants, promises, and agreements contained herein, the receipt, adequacy, and sufficiency of which are hereby acknowledged in full accord and satisfaction, the Parties, intending to be legally bound, agree as follows:

1. **Consideration**.

    a. <u>Release</u>: The Osborns agree to release, acquit and forever discharge HISD, its past and present trustees, managers, officers, employees (including but not limited to F. Mike Miles, Michael Niggli, and Sarah Ray), representatives, and agents (in their official and individual capacities), collectively referred to as "HISD Affiliates," from any and all claims, demands, and causes of action of whatever nature, known or unknown, past or present, state and/or federal, arising out of the Osborns' claims in the Lawsuit through the effective date of this Agreement, including, but not limited to rights and claims under the First and Fourteenth Amendments to the U.S. Constitution, the Civil Rights Act of 1871, and any other state or federal statutory or common law claim arising out of or otherwise related to the Osborns' claims in the Lawsuit.

    b. <u>Student Identification</u>. HISD agrees to direct all professional employees (as defined by Texas Education Code Section 22.051(a)) assigned to BHS to address the Osborns' daughter only by her given name or a nickname based on her given name and by female pronouns while their daughter is a minor (*i.e.*, under the age of eighteen) and enrolled in HISD. HISD agrees to issue this directive within five (5) business days following the complete execution of this Agreement.

    c. The Parties agree to file the attached Joint Stipulation of Dismissal with Prejudice within ten (10) business days following the complete execution of this Agreement and after HISD has issued the directive to BHS employees described in Paragraph 1.b.

2. **No Admission of Liability**. This Agreement is a compromise of disputed claims and is entered into by the Parties to avoid the cost, uncertainty, and inconvenience of further litigation. HISD expressly denies all claims and allegations asserted by the Osborns in the Lawsuit. Accordingly, this Agreement shall not be construed as an admission by the District, F. Mike Miles, Michael Niggli, or Sarah Ray that they violated any law or that they were liable in any regard to the Osborns, any and all liability being expressly denied by them.

Release Agreement – Page 2
*Osborn v. HISD et al.*

3. **Contractual Nature**. The Parties agree that the terms and conditions of this Agreement are contractual and not merely recitals.

4. **Authority and Capacity**. The Parties acknowledge, warrant, and represent that this Agreement has been mutually drafted and entered into based upon their own independent knowledge and judgment and on the advice of their own legal counsel and/or representatives of their own free choice. The Parties further acknowledge, warrant, and represent that their attorneys and/or representatives have explained the terms and ramifications of this Agreement, that they fully understand and voluntarily accept the terms of the Agreement, and that no promise or agreement that is not herein expressed has been made to them in executing this Agreement. No party has acted in reliance on any representation, advice, or other action of the other parties except as provided for herein.

5. **Integration Clause**. This Agreement constitutes the complete understanding and expression of the Parties' agreement and supersedes any and all prior and contemporaneous representations, agreements, discussions, and negotiations, either oral or written, by and between any of the parties, and/or their respective legal counsel and/or representatives. No oral understandings, statements, promises, or inducements contrary to or other than the terms of this Agreement exist. This Agreement may not be amended orally.

6. **Severability Clause**. If any provision of this Agreement is determined to be illegal or unenforceable, then that provision shall be deemed stricken and all remaining provisions shall remain in full force and effect.

7. **Choice of Law and Mandatory and Exclusive Venue**. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Texas applicable to contracts made and wholly performed within such state (without regard to the conflicts or choice of law principles thereof). The Parties hereto irrevocably consent to the jurisdiction of the State of Texas and agree that Harris County, Texas, shall be the mandatory and exclusive place of venue to resolve any dispute with respect to this Agreement.

WITNESS BY HAND AND SIGNATURE on the date stated.

**Sarah Osborn**

_Sarah L Osborn_    11/23/25
Sarah Osborn    Date

**Terry Osborn**

_Terry Osborn_    11/23/25
Terry Osborn    Date


APPROVED AS TO FORM ONLY:

_Vincent H_    11/24/25
Vincent M. Wagner    Date
**Attorney for the Osborns**


HOUSTON INDEPENDENT SCHOOL DISTRICT

_F Mt M_    4 Dec 25
F. Mike Miles    Date
**Superintendent of Schools**


APPROVED AS TO FORM ONLY:

_Catosha Woods_    4 Dec 25
Catosha Woods    Date
**General Counsel for HISD**


Release Agreement – Page 4
Osborn v. HISD et al.